**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  KATHLEEN A. MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-18-549-HE |
| | ) | |
| 1.  THE OKLAHOMA STATE | ) | |
|     MEDICAL ASSOCIATION, | ) | |
| 2.  SHERRI S. BAKER, M.D., | ) | |
| 3.  KEVIN E. TAUBMAN, M.D., | ) | |
| 4.  JEAN R. HAUSHEER, M.D., | ) | |
| 5.  JOSEPH CUNNINGHAM, M.D., | ) | |
| 6.  LARRY BOOKMAN, M.D., and | ) | |
| 7.  DON NEVARD, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Kathleen A. Musson, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, Kathleen A. Musson ("Plaintiff"), is an adult female resident of Oklahoma County, Oklahoma.

2. Defendants are:

    a.  The Oklahoma State Medical Association ("OSMA"), an entity doing business in and around Oklahoma County, Oklahoma;

    b.  Sherri S. Baker, M.D., an individual, who at all relevant times hereto was a member of the Board of Trustees for OSMA;

    c.  Kevin E. Taubman, M.D., an individual, who at all relevant times hereto was a member of the Board of Trustees for OSMA;

    d.  Jean R. Hausheer, M.D., an individual, who at all relevant times hereto was a member of the Board of Trustees for OSMA;

1

  e. Joseph Cunningham, M.D., an individual, who at all relevant times hereto was a member of the Board of Trustees for OSMA;

  f. Larry Bookman, M.D., an individual, who at all relevant times hereto was a member of the Board of Trustees for OSMA; and

  g. Don Nevard, an individual, who at all relevant times hereto served as General Counsel for OSMA.

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with OSMA and is based on Plaintiff's claim of: (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (b) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (c) defamation in violation of Oklahoma state law; (d) interference with a business relationship in violation of Oklahoma state law; (e) interference with a prospective economic advantage; and (f) intentional infliction of emotional distress.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.  Plaintiff's corresponding state law claims arise out of the same core of operative facts and jurisdiction over such claims is vested in this Court under 28 U.S.C. §1367.

5. To the extent required, Plaintiff exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 26, 2017.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated May 15, 2018 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

6. All acts complained of herein occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff, who was born in August 1950, dedicated more than thirty-one (31) years of employment to OSMA.

8. Plaintiff started as an Administrative Assistant to the Executive Director in or around August 1970, and diligently worked in this position for seven (7) years.

9. Plaintiff voluntarily resigned in or around August 1977, but returned in or around March 1993, upon being offered a position as Director of Operations.

10. After working as the Director of Operations for approximately three (3) years, Plaintiff was named the Interim Executive Director in or around January 1997.

11. Plaintiff served as the Interim Executive Director for approximately one (1) year, at which time Brian Foy (a male) was hired as the Executive Director and Plaintiff was offered the position of Associate Executive Director, which Plaintiff accepted.

12. As the Associate Executive Director, Plaintiff was second-in-command, second only to the Executive Director. When the Executive Director was absent, Plaintiff was the key decision-maker.

13. Plaintiff successfully held this position for nearly twenty (20) years, until in or around May 2017, at which time she was again named the Interim Executive Director.

14. That is, in or around May 2017, Ken King (who replaced Brian Foy as the Executive Director in or around 2007) resigned his employment. And, Plaintiff was named the Interim Executive Director at or around that time.

15. Throughout her lengthy tenure, Plaintiff was a glowing leader with OSMA.

She received outstanding performance evaluations and was consistently recognized as a stellar employee. In fact, Plaintiff was entrusted with the responsibility of being the Registered Service Agent for OSMA and remains named as the Registered Service Agent with the Oklahoma Secretary of State to date.

16. Despite her outstanding work history, however, Plaintiff was passed over for promotion to the Executive Director position on a permanent basis and wrongfully terminated from her employment on or about August 26, 2017.

17. Plaintiff applied for the permanent position as Executive Director after King resigned.

18. Plaintiff was clearly the most qualified applicant. She was performing the Executive Director role on an interim basis at the time she applied. She was previously entrusted with the Interim Executive Director position from in or around 1997 to 1998. And, her responsibilities as the Associate Executive Director (which she held for nearly 20 years) were much the same as the Executive Director.

19. Despite this, on or about August 26, 2017, Defendants Baker, Taubman and Hausheer (who made up the Executive Director Search Committee), along with Defendants Cunningham, Bookman and Nevard, told Plaintiff that she was being denied the Executive Director position.

20. The position was offered instead to a significantly younger male, Wes Glinsmann. And, this was not the first time Plaintiff was wrongfully denied the Executive Director position in lieu of hiring a male – Plaintiff was also passed over for the position in 2007, at the time King was hired.

21. Adding insult to injury, in the next breath after announcing Glinsmann was selected as the Executive Director, the Board members present told Plaintiff they would help

"announce her retirement" – something Plaintiff had not expressed any intent of doing.

22.     Plaintiff was told on or about June 13, 2017, via a letter signed by Taubman, that if she was not selected as the Executive Director, she would resume her Associate Director position.  And, the budget for 2017 confirms the Associate Director position was not being eliminated.

23.     Shamefully, the blow of being passed over for the Executive Director position and guised termination was delivered to Plaintiff on her birthday and what would have been the fortieth birthday of her deceased son – a well-known fact.

24.     Perplexed by the comment about announcing her retirement, Plaintiff asked Taubman and Glinsmann for an explanation of the statement via email on or about August 27, 2017.

25.     In response, Glinsmann sent a letter to Plaintiff on or about August 28, 2017 (copying Defendants Taubman, Baker, Hausheer and Nevard), stating: "Based upon the conversation you had last Saturday [March 26, 2017] with members of the executive committee and the executive director search team, … Oklahoma State Medical Association is accepting your retirement, effective immediately."

26.     However, at no time did Plaintiff indicate any intent to retire.  To the contrary, Plaintiff made clear that she intended to continue working for OSMA for years to come, noting in her application for the Executive Director position that she planned to work, at minimum, for another 3-5 years.

27.     Despite this, Plaintiff was forced out of her employment and terminated without reason.

28.     OSMA's policies were not followed in terminating Plaintiff.  That is, pursuant to OSMA policy, the Board of Trustees are only vested with authority to terminate the

permanent Executive Director.

29.     Further, on or about August 28, 2017, Taubman sent a letter to all OSMA members (including thousands of medical providers) falsely claiming that Plaintiff retired on the heels of Glinsmann being selected as the Executive Director.  And, such false claims interfered with Plaintiff's prospective business relationships and negatively impacted her ability to secure other employment.

30.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described below.

### COUNT I:  ADEA- Age Discrimination

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31.     This Count is asserted against Defendant OSMA only.

32.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

33.     Plaintiff is entitled to relief under the ADEA for age discrimination because at all relevant times hereto, Plaintiff was over age forty (40); she applied for and was qualified for the Executive Director position; despite being qualified, she was rejected; and after Plaintiff was rejected, the position was filled.

34.     Plaintiff is further entitled to relief under the ADEA because, at all times relevant hereto, Plaintiff was over age forty (40), was qualified for her job, was discharged, and her position was not eliminated after her termination.

35.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon OMSA's willful misconduct.

## COUNT II: Title VII - Gender Discrimination

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. This Count is asserted against Defendant OSMA only.

37. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the form of gender discrimination.

38. Plaintiff is entitled to relief under Title VII for gender discrimination because at all relevant times hereto, Plaintiff, as a female, was a member of a protected class; she applied for and was qualified for the Executive Director position; despite being qualified, she was rejected; and after Plaintiff was rejected, the position was filled.

39. Plaintiff is further entitled to relief under Title VII because, at all times relevant hereto, Plaintiff, as a female, was a member of a protected class; she was qualified for her job; she was discharged and her position was not eliminated after her termination.

40. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

41. Because the actions of OSMA were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III: Defamation

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

42. This Count is asserted against Defendants OMSA and Taubman.

43. The acts described above constitute defamation in violation of state law.

44. Defendants published statements that Plaintiff retired on the heels of

Glinsmann being selected as the Executive Director, exposing Plaintiff to disgrace.

45. Defendants communicated the statement to persons other than Plaintiff.

46. Those persons to whom the statements were communicated understood the statement to be about Plaintiff.

47. The statements were false.

48. Defendants did not exercise the care which a reasonably careful person would use under the circumstances.

49. The statement caused damage to Plaintiff, in the form of *inter aila* injury to her reputation and standing in the community, personal humiliation; and mental anguish and suffering.

50. As damages, Plaintiff is entitled to all relief allowed by state law.

### COUNT IV: Tortious Interference

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

51. This Count is asserted against Defendants Baker, Taubman, Hausheer, Cunningham, Bookman and Nevard.

52. The acts described-above constitute unlawful tortious interference with an employment relationship. Defendants' actions were malicious and caused actual harm to Plaintiff's employment relationship with OSMA. Defendants Baker, Taubman, Hausheer, Cunningham, Bookman and Nevard had no justification, excuse or privilege for such interference.

53. As a result, Plaintiff is entitled to all damages allowed by state law.

### COUNT V: Interference with Prospective Economic Advantage

For her fifth cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

54. This Count is asserted against Defendants Baker, Taubman, Hausheer, Cunningham, Bookman and Nevard.

55. The acts described-above constitute unlawful interference with Plaintiff's prospective economic advantage.

56. Plaintiff had a reasonable expectation of profit, i.e., promotion and continued employment with OSMA.

57. Defendants Baker, Taubman, Hausheer, Cunningham, Bookman and Nevard had knowledge of this relationship and/or expectancy.

58. Defendants intentionally induced or caused a breach of Plaintiff's expectancy, resulting in damage to Plaintiff.

59. As a result, Plaintiff is entitled to all damages allowed by state law.

### COUNT VI: Intentional Infliction of Emotional Distress

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

60. This Count is asserted against all Defendants.

61. The matters alleged above constitute the tort of intentional infliction of emotional distress. The conduct of Defendants was extreme and outrageous and done with the intention of causing or with reckless disregard of causing Plaintiff severe emotional distress. Plaintiff did in fact suffer severe emotional distress as a result of Defendants' extreme and outrageous conduct.

62. As the direct and proximate result of Defendants' actions, Plaintiff is entitled to all damages allowed by state law.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendants and assess actual, compensatory, punitive damages and liquidated damages, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem equitable and appropriate.

Respectfully submitted this 5th day of June, 2018.

>s/ Jana B. Leonard
>JANA B. LEONARD, OBA #17844
>LAUREN W. JOHNSTON, OBA #22341
>SHANNON C. HAUPT, OBA #18922
>LEONARD & ASSOCIATES, P.L.L.C.
>8265 S. Walker
>Oklahoma City, Oklahoma 73139
>(405) 239-3800 (telephone)
>(405) 239-3801 (facsimile)
>leonardjb@leonardlaw.net
>johnstonlw@leonardlaw.net
>haupts@leonardlaw.net